UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| Alex Edward Akin, Trent Dwight Newman, and John Michael Quirk, III, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>Boss Reclamation, LLC, and Luke Thompson and Rick Evans, individuals,<br><br>Defendants. | § § § § § § § § § § § § § § | CASE NO. _____<br><br>REPRESENTATIVE ACTION<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a representative action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 216(b) and for retaliation.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 201, et seq, 28 U.S.C. § 1331 and 1337, diversity jurisdiction and the doctrine of pendant jurisdiction.

### PARTIES

3. Plaintiff Akin is a resident of Dalhart, Texas, Plaintiff Newman is a resident of Dalhart, Texas, and Plaintiff Quirk is a resident of Amarillo, Texas, at times material they worked for Boss Reclamation, LLC, out of its facility in Ruidoso, New Mexico, commuting from Dalhart, Texas. Akin and Newman were hired by Boss in Dalhart, Texas. They bring this action on behalf of themselves and as representative of similarly situated workers who file consents to join in this action.

4.  Defendant Boss Reclamation, LLC ("Boss"), may be served by serving its registered agent, Luke Thompson at 9801 Hunsley Rd., Canyon, Texas 79015. Boss is engaged in the operation of heavy equipment to remove non-native trees off of rivers and/or services for commerce in the State of Texas, New Mexico and Kansas. Luke Thompson ("LT") is an individual and one of the principal's of Boss, he can be served at by serving him at Luke Thompson, 9801 Hunsley Rd., Canyon, Texas 79015. Rick Evans ("RE") is an individual and may be served by serving him at 220 Crown Dr., Ruidoso, New Mexico, 88355-8330. Boss maintains its principal place of business in Canyon, Texas, and Ruidoso, New Mexico. LT and RE are jointly and severally liable for the acts of Boss because they control the entity and make the day to day decisions about employees payroll matters and rates of pay as it relates to Boss.

## FACTS

5.  Plaintiffs Akin, Newman and Quirk were employed by the Defendant Boss, in Dalhart, Texas, and commuted to Ruidoso, New Mexico from Dalhart ,Texas, from 2003 until August 2008 for Akin, from September 1, 2006 to July 2008 for Newman, and 2005 to mid 2006 and then mid January of 2008 to September of 2009 for Quirk at which time he was fired for complaining about his improper pay. LT and RE are individuals who control Boss, and who control the day to day operations and makes decisions about payroll matters and rates of pay concerning the employees of Boss.

6.  Boss, by and through LT and RE, as well as its officers, agents, employees and representatives combined, conspired and acted through a concert of action to avoid paying overtime to its hourly employees and to retaliate against and punish those employees who complained about such treatment. It is believed the plaintiffs, as well as others, including but not

limited to the other non-exempt hourly workers, in the course of their employment with Boss, and during existence of this continuing conspiracy, participated in the combination, concert of action and conspiracy, whichever, hereinafter alleged and are co-conspirators.

7. During the time of Plaintiffs employment Defendant, Boss failed to pay Plaintiffs and others similarly situated, actual overtime for hours of work they performed in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"). LT and RE regularly tell the employees that Boss does not pay overtime because of an agricultural exemption. It is believed that Boss has recently begun paying overtime because of the inapplicability of any claimed agriculture exemption.

8. The failure to pay plaintiffs and others similarly situated their lawful overtime wages under the Fair Labor Standards Act included paying all overtime hours, and hours worked that was paid as regular time, not time and a half as required by the FLSA.

9. Similarly situated individuals working in the production of goods or services for commerce at the Defendants' facility in Texas, and Ruidoso, New Mexico were deprived of their lawful overtime wages under the Fair Labor Standards Act in the same manner as Plaintiffs. This action is brought on behalf of those similarly situated workers.

10. The Defendants' failure to pay Plaintiffs and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Despite its knowledge that time spent performing their daily activities for the benefit of Boss, particularly those hours spent working over forty (40) hours per week, constituted work and is compensable time the Defendants failed and refused to pay overtime. The Defendants have made no effort to pay plaintiffs and others similarly situated since Boss has begun paying overtime. The foregoing activities performed by the workers are compensable time under the FLSA. Defendants took no

steps to compensate workers at its facility in the State of Texas or the State of New Mexico for this time and, on information and belief, took no steps to compensate workers at its facility for this time in violation of the law.

### REPRESENTATIVE ACTION

11. Plaintiffs brings action on behalf of themselves and all similarly situated employees of Boss that are controlled by LT and RE. Plaintiffs request that notice be issued to those employees informing them of their right to file consents to join in this action.

### CAUSES OF ACTION

### COUNT I
### FLSA

Alex Edward Akin, Trent Dwight Newman and John Michael Quirk III, for their Count I of this Complaint, inclusive of the foregoing, allege and state:

12. Plaintiffs and similarly situated workers are entitled to relief pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act for damages, reasonable attorneys fees and costs.

### COUNT II
### State of New Mexico Wage and Hour Violations
### (50-4-21, et seq.)

In addition to the foregoing and as Count II of this Complaint, Plaintiffs reallege herein as though repeated in full each allegation contained in paragraphs 1 through 12, inclusive and, further, Plaintiffs allege and state:

13. This Court has jurisdiction of Count II under Section 215(a)(3) of Title 29 U.S.C. and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction. The matter in controversy exceed the sum of $75,000.00, it is believed, exclusive of interest and cost.

14. These Defendants have likewise violated Section 50-4-21, et seq., of the Statutes of the State of New Mexico, specifically the Minimum Wage Act. The forgoing Statute provides that the minimum wage in the State of New Mexico, effective January, 1, 2008 is $6.50 per hour with an overtime rate of $9.75 per hour and as of January 1, 2009, that rate was increased to $7.50 per hour with an overtime rate of $11.25 per hour.

15. The employees of Boss regularly work more than forty (40) hours per week and regularly work at least nine (9) hours per day, including one hour to service the equipment, at least five (5) to six (6) days per week. Defendants have failed and refused to pay the proper minimum wage rate, and have failed and refused to pay time and one half for overtime, at least until recently. Defendants owe these plaintiffs and others similarly situated the proper rate of pay, overtime pay, liquidated damages, all costs and reasonable attorneys fees for which plaintiffs herewith sue.

16. Plaintiffs have been damaged as a result, both actual and punitive damages, reasonable attorney fees and cost for which they herein sue.

### CLASS ALLEGATIONS
### (50-4-26)

17. Akin, Newman and Quirk seek to bring this suit as an opt-out class pursuant to 50-4-26 of the New Mexico Statutes on behalf of themselves and other similar situated employees and former employees of Boss. Plaintiffs do not know the exact number of class members but estimate there may be as many as forty (40) members. The actions by defendants in failing to pay overtime will have substantially equal impact on all members of the class and Akin, Newman and Quirk will fairly and adequately protect the interests of the class.

18. The prosecution of separate actions by or against individual members of the class would create a rise of inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendants and adjudications with respect to individual members of the class, which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications. Further, the Defendants have acted on grounds generally applicable to the class thereby making it appropriate for the Court to enter final relief or declaratory relief as the case may be, with respect to the class as a whole. Further, the action seeks to adjudicate claims as to defendants violation(s) of the Minimum Wage Act of the State of New Mexico, the remedies provided in said act and the enforcement thereof. The members of the class as so named and described will be referred to hereinafter, variously, as the class or class members.

## COUNT III
### Tort of Retaliation for Complaining About Overtime and Working Conditions

In addition to the foregoing and as Count III of this Complaint, Plaintiffs reallege herein as though repeated in full each allegation contained in paragraphs 1 through 18, inclusive and, further, Plaintiffs allege and state:

19. This Court has jurisdiction of Count III under section 215(a)(3) of Title 29 U.S.C. and Section 1332 U.S.C. (28 U.S.C.A., Section 1332) and the principles of pendant jurisdiction. The matter in controversy exceed the sum of $75,000.00, it is believed, exclusive of interest and cost.

20. In 2009 it is believed Boss fired at least of worker for complaining about working conditions and the company's refusal to pay overtime and have retaliated against others for doing the same, specifically Plaintiff Quirk.

21.     Boss, at the direction of LT and RE and acting through its management regularly discriminate against employees by placing them in unfavorable positions at work as a means of punishment for complaining about unpaid overtime, and complaining about having to purchase their required equipment from the company, among other working condition complaints. The defendants terminate or treat employees in an outrageous manner to quell complaints about unpaid overtime, working conditions and the requirement that the workers are required to drive to Ruidoso, N.M. on Sunday evening in advance of the work wee as a condition of employment. This requirement reduces their effective rate of pay when the company refuses to pay for their travel time. This behavior by the Defendants constitutes outrageous conduct and violates the FLSA and New Mexico statutory law.

### FRAUDULENT CONCEALMENT

22.     Plaintiffs bring this cause seeking the equitable tolling and/or tolling by estoppel of the statute of limitations beyond three (3) years and seeks recovery back to the time Boss began refusing to pay overtime. Boss regularly tells employees that it does not pay overtime because of a claimed phantom agriculture exemption. This practice is a per se violation of the Fair Labor Standards Act and it is believed Boss recently ceased this practice in recognition of the fact it was violating the law. Plaintiffs are entitled to go beyond the three (3) year statute of limitations as a result of Boss', LT's and RE's fraudulent concealment of same and the company policy of labor cost reduction by refusing to pay time and one-half (½) for overtime to increase Defendants' profits, all at the expense of the employees under the false guise of a claimed agriculture exemption that does not apply.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays that this Court:

a. Issue notice to all similarly situated employees of Boss informing them of their right to file consents to join in this action;

b. Declare that Plaintiffs and similarly situated workers who file consents to join this suit are entitled to pay for all of their FLSA-defined hours of work, including all hours worked over 40 hours in one week, including driving to the job site in a company vehicle.

c. Awarding Plaintiffs and similarly situated workers who file consents to join in this suit, their unpaid regular hourly wages for hours of work up to 40 hours per week and their unpaid overtime for all hours of work in excess of 40 hours per week, an equal amount of liquidated damages, attorneys fees and costs of suit and such other relief as this Court deems just and proper.

d. Award Plaintiffs and similarly situated workers who file consents damages and costs for retaliation and outrageous conduct.

e. Damages and attorney fees for causes under pendant jurisdiction as pled.

f. Such other and further relief as the Court deems just and proper.


Respectfully submitted,


LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
600 S. Tyler, Suite 1302
Amarillo, Texas 79101
806-371-9110 - Telephone
806-373-9029 - Facsimile

- and -

LAW OFFICES OF PHILIP R. RUSS
2700 S. Western, Suite 1200
Amarillo, Texas 79109
(806) 358-9293 - Telephone
(806) 358-9296 - Facsimile

_____
Philip R. Russ Bar No. 17406000

## JURY DEMAND

Plaintiffs herewith demands a trial by jury.

℥JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alex Edward Akin, Trent Dwight Newman and
John Michael Quirk, III

## DEFENDANTS
Boss Reclamation, LLC, and
Luke Thompson and Rick Evans, individuals

(b) County of Residence of First Listed Plaintiff **Dallam**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Philip R. Russ, 2700 S. Western, Suite 1200, Amarillo, Texas 79109. 806-358-9293

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Failure to Pay Overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 12-31-2009
SIGNATURE OF ATTORNEY OF RECORD /s/ Philip R. Russ

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____